**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20595-BLOOM**

JAVAR C. MURPHY,

    Plaintiff,

v.

MIAMI DADE CORRECTIONS AND
REHABILITATION CENTER, *et al.*,

    Respondent.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Javar C. Murphy's Complaint pursuant to 42 U.S.C. § 1983, ECF No. [1] ("Complaint"), and his Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Application"). For reasons set forth below, the Application is denied, and the Complaint is dismissed with leave to amend.

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Civil complaints filed by prisoners seeking *in forma pauperis* status under 28 U.S.C. § 1915 are subject to the provisions of the Prison Litigation Reform Act ("PLRA"). In order to promote the speedy, just, and efficient administration of civil rights complaints subject to the PLRA, the court has established forms to be used by prisoners for filing civil rights actions. The court-approved form consists of (1) a cover sheet; (2) a complaint; (3) an application to proceed *in forma pauperis*; and (4) an authorization form. The authorization form, when completed by the plaintiff, directs the agency holding the plaintiff in custody to forward to the clerk of court a certified copy of the plaintiff's institutional trust fund account and to disburse from the plaintiff's account the full statutory filing fee in amounts specified by § 1915(b). Properly completing and

filing the authorization form satisfies the plaintiff's obligation under § 1915(a)(2) to submit a certified copy of the plaintiff's trust fund account with the complaint.

Plaintiff's Application is not accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the Complaint. Rather, Plaintiff attached an account statement only for the ten-day period between November 3-12, 2020. ECF No. [3] at 2. Additionally, Plaintiff's Application does not contain an authorization form. Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is denied. Plaintiff may re-file his Application using the court-approved form, or he may pay the filing fee of $402 by the filing deadline.

## II.    FACTUAL ALLEGATIONS

Plaintiff alleges that Defendants Correctional Officer B. Bailey at Miami-Dade Corrections & Rehabilitation T.G.K. Detention Center ("Officer Bailey") and Nurse M. Thelusma at Jackson Health and Services Center ("Nurse Thelusma") (collectively, "Defendants") violated his constitutional rights. ECF No. [1]. Plaintiff alleges that Nurse Thelusma violated his right to privacy by exposing his medical records to Officer Bailey without obtaining Plaintiff's consent. *Id.* at 7. According to the Complaint, Officer Bailey subsequently disclosed Plaintiff's HIV status to nonmedical staff members and other patients. *Id.* Officer Bailey also tormented Plaintiff for his condition, causing Plaintiff emotional pain and suffering. *Id.* As a result, Plaintiff sues Defendants in their official capacities and seeks money damages. *Id.* at 6.

## III.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are

clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (quotation marks omitted) (citation omitted) (quoting

*Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)). Moreover, a district court "should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Notwithstanding the leniency afforded to *pro se* litigants, it does not permit them to file an impermissible "shotgun" pleading.

The Eleventh Circuit has identified four categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type of shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *Id.* at 1323. Fourth, and finally, there is the relatively rare shotgun pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts'

civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit, thus, has established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

## IV.   DISCUSSION

As pled, there are several deficiencies with Plaintiff's Complaint. First, the Complaint is replete with conclusory and vague allegations, and therefore fails to specify in detail the circumstances surrounding Plaintiff's claim for relief. Second, because the Complaint identifies more than one defendant, adherence to Fed. R. Civ. P. 10 should be followed more closely. Pursuant to Fed. R. Civ. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Here, Plaintiff's different claims against Defendants must be separated by counts. Plaintiff's failure to do so reveals that the Complaint qualifies as the third category of a shotgun pleading. *See Weiland*, 792 F.3d at 1321-23.

Moreover, because Plaintiff is suing Defendants in their official capacities, the governmental entity that Defendants represent, Miami-Dade County, is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To impose § 1983 liability on a municipality, Plaintiff must plead the following: "(1) that his constitutional rights were violated; (2) that the municipality had a *custom or policy* that constituted deliberate indifference to that constitutional right; and (3) that

the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (emphasis added) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, Plaintiff fails to allege that his claimed constitutional deprivation resulted from any policy or custom, and therefore fails to state a plausible claim for municipal liability under § 1983.

## V.     CONCLUSION

The Complaint fails to state a viable § 1983 claim against Defendants. The Court has identified several deficiencies in the Complaint and in deference to Plaintiff's *pro se* status, Plaintiff may have *one opportunity* to rectify the Complaint.

In order to proceed, Plaintiff shall file an amended complaint on the appropriate form providing sufficient, factual allegations to permit the Court to review his complaint. Plaintiff is reminded that he must state with specificity the facts supporting his claims. Plaintiff is also cautioned that each claim should be numbered in a separate paragraph and should be set forth using short and plain statements, with numbered paragraphs stating why the relief requested should be granted. Furthermore, the amended complaint must be verified—i.e., signed and dated under the penalty of perjury, pursuant to Local Rule 88.2(a)(4).

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, **ECF No. [3]**, is **DENIED without prejudice**.
2. On or before **March 18, 2021**, Plaintiff shall either pay the $402 filing fee or may renew his motion to proceed *in forma pauperis*.
3. If Plaintiff renews his motion to proceed *in forma pauperis*, the motion must include a completed certificate signed by an authorized institutional officer regarding the balance of his inmate account for the six-month period preceding the

filing of the Complaint in accordance with 28 U.S.C. § 1915.

4. The failure to pay the filing fee or renew his motion to proceed *in forma pauperis* in accordance with the foregoing instructions will result in dismissal of this case.

5. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.

6. Consistent with the purpose of Fed. R. Civ. P. 8, Plaintiff is granted leave to file an amended complaint by **March 18, 2021**. The amended complaint must be signed under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Plaintiff shall be provided a form complaint for use. The amended complaint must be labeled "Amended Complaint" and must show Case No.: **21-CV-20595-BLOOM**, so that it will be filed in this case.

7. The amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts to show why that person is being sued.

8. Plaintiff is cautioned that failure to file the amended complaint on time and in compliance with this Court's orders may result in dismissal of the case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 21-cv-20595-BLOOM

Javar C. Murphy, *Pro Se*
190148185
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125